GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation
DENNIS D. DAVIS, ESQ. CA Bar #070591
44 Montgomery Street, Suite 2900
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Linda Koelling, Creditor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>KIDS CONNECTION, INC.,<br><br>              Debtor. | Case No. 08-30026 DM<br><br>Chapter 7<br><br>Hearing Date: November 24, 2009<br>Time:         9:30 a.m.<br>Place:        235 Pine St.<br>                 Courtroom 22<br>                 San Francisco, CA |

**DECLARATION OF LINDA KOELLING
IN OPPOSITION TO MOTION FOR CIVIL CONTEMPT**

I, Linda Koelling, declare:

1. On August 27, 2009, this Court signed and filed its Order Granting In Part and Denying In Part: Burlingame Capital Partners II, LLP's Motion for Order Enforcing Asset Purchase Agreement and Court Orders. As set forth in that order, the Court ordered that "counsel for the debtor is authorized to make payment from funds held in his trust account . . ." The funds which are the subject of this motion were at all times in Mr. Goodsell's trust account. As a practical matter, I had no control over those funds. Indeed, it was my understanding that the Court intended to place those funds out of my control by putting them under the control of Mr. Goodsell.

2. While Kids Connection is technically still in chapter 11, it has no assets and is administratively insolvent. The purchase price paid by Burlingame is less than the amount necessary

1

to pay chapter 11 administrative expenses, notwithstanding the prior representations by Burlingame that the sale would generate funds to pay general unsecured creditors.

3. The Motion for Civil Contempt recites a series of activities concerning Mr. Goodsell's efforts to obtain a stay pending appeal. Mr. Goodsell did not consult me in making the decisions relating to this series of events, and I was unaware of the status of his efforts to obtain and keep in place a stay pending appeal. I was not aware of when the funds were due to be paid to Burlingame, nor was I aware that (a) Mr. Goodsell's time to pay the funds had expired; or (b) whether Mr. Goodsell had paid funds to Burlingame until served with this motion.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on November 10, 2009 at San Francisco, California.

                /s/ Linda Koelling
                LINDA KOELLING