JOHN W. HOWARD, State Bar No. 80200
MICHELLE D. VOLK, State Bar No. 217151
J.W. Howard/Attorneys, LTD.
1508 West Lewis Street
San Diego, California 92103

Telephone: (619) 234-2842
Telefax: (619) 234-1716

Attorneys for Burlingame Capital Partners II, L.P.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

KIDS CONNECTION, INC.,

Debtor.

) Case No. 08-30026 DM 11
) Crtrm: 22
) Judge: Hon. Dennis Montali
)
) Chapter 11
)
)
) **OPPOSITION TO DEBTOR'S**
) **APPLICATION FOR APPOINTING**
) **RESPONSIBLE INDIVIDUAL**
)
)
) (No Hearing Date Set)

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S COUNSEL AND ALL INTERESTED PARTIES:**

///

///

- 1 -
OPPOSITION TO DEBTOR'S APPLICATION FOR APPOINTING RESPONSIBLE INDIVIDUAL

This Court has cautioned counsel against the inclusion of "invective" in pleadings filed with it; a warning we take very seriously. At the same time, we believe that it is necessary, in keeping with our duty of candor, to point out bad behavior when we think it is occurring.

It is quite apparent from various pleadings filed by Linda Koelling, that she, as "Responsible Individual for Corporation" of the debtor herein, has neither consented to nor directed that many of the actions taken in this and other courts in the name of debtor, be undertaken. The declaration she has filed in the motion for contempt pending in this Court makes it very clear that she has not even been consulted by Debtor's counsel with respect to the frenetic activity in which he has engaged over the last three months to avoid complying with this Court's clear orders. (Request For Judicial Notice In Support, filed concurrently herewith, at Exhibit "A", Declaration of Linda Koelling)

In addition, in her own bankruptcy, she caused to be filed pleadings that confirm that she has had nothing to do with the appeal of this Court's orders, the appeal of the District Court's (Judge Maxine Chesney) denial of Debtor's request for a stay and the repeated stays sought by Debtor's counsel. (Request For Judicial Notice at Exhibit "B", Defendant's Motion to Strike… at page 4 , line 13: "Linda Koelling did not file the appeal and has no stake in the subject matter of that appeal...")

It appears quite clear that Debtor's counsel is acting as a freelancer in the continued litigation of this case, yet another violation of the Rules of Professional Conduct in this case on the part of this attorney. An appeal cannot be asserted by an attorney alone as it required by law that an appeal must be separately authorized by the client. (Calif. *Business & Professions Code* Section 6104; *Matter of Regan* (Rev.Dept 2005) 4 Cal.State Bar Ct. Rptr. 844, 853-855.) The right to pursue an appeal rests entirely with the client, and where it is shown that the attorney

acted without authority, the appeal will be dismissed. (*Matter of Regan, supra* citing *Title Ins. & Trust Co. v. California Development Co.* (1914) 168 Cal. 397, 401.)

What is now very clear is that Debtor's counsel is wasting this Court's resources and bleeding Burlingame Capital Partners II, LP dry for the sole purpose of keeping as much money possible available to pay his legal fees. There is no possible benefit accruing to the debtor from further withholding of funds retained by Debtor's counsel. Thus, it is obvious that this entire effort is self-interested rather than in the debtor's interest.

We cannot know what has motivated Debtor's counsel to attempt to get another person appointed as "Responsible Individual for Corporation" for the debtor herein nor do we know who the person is that he is attempting to get appointed. We can speculate, however, that counsel is attempting to get a more pliant, and, hence, less independent, person appointed so he can carry on the work he is undertaking in this Court without obstruction.

Debtor has failed to tell us how and in what manner Ms. Koelling was "replaced" as president of the debtor. Was there a board meeting? Did the shareholders meet? How did the new party get appointed as president of Kids Connection?

Debtor has failed to tell this Court what the proposed agent's background, training and ability is. It has failed to tell us what relationship the proposed agent has to Mr. Goodsell and his law firm. It has failed to tell us what qualifications the proposed agent has to undertake this work. In short, counsel has failed to give this Court and interested parties any of the information necessary to assess whether or not this is something the Court should do.

The motion is not even supported by a declaration on which the Court can rely in assessing whether this move is necessary; supported by facts or even advisable. All that has been filed is a bare request supported by nothing to establish its truth.

We are deeply concerned that this attempt is merely one more means of allowing Debtor's counsel to continue what appears to be a rogue operation independent of the best interests of Debtor, the estate and the interested parties.

We would recommend that the Court review the pending motion of the United States Trustee to convert this case to a Chapter 7 before allowing this substitution to be made. It is clear that Debtor's counsel is refusing to cooperate even with the United States Trustee's Office and is committed to serve interests other than those of the debtor and of the estate.

We urge this Court to deny the application as unsupported by any evidence that would suggest that its bare assertions have even occurred and that its request is somehow necessary.

We are concerned for the integrity of the process and lawyers' acts unleavened by client direction are not permitted under the ethical rules.

We apologize to this Court if it regards anything in this opposition to be uncivil. That is not our intent. But the evidence before this Court suggests that Debtor's counsel is acting without client authority and we believe it important that we point this out as we perceive it.

Dated: November 16, 2009          JW HOWARD/ATTORNEYS, LTD.

                                              By:/s/ John W. Howard
                                                John W. Howard
                                                Attorney for Burlingame Capital Partners II, L.P.