JOHN W. HOWARD, State Bar No. 80200
MICHELLE D. VOLK, State Bar No. 217151
JW Howard/Attorneys, LTD.
1508 West Lewis Street
San Diego, California 92103

Telephone: (619) 234-2842
Telefax: (619) 234-1716

Attorneys for Burlingame Capital Partners II, L.P.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

KIDS CONNECTION, INC.,

Debtor.

Case No. 08-30026 DM 11
Crtrm: 22
Judge: Hon. Dennis Montali

Chapter 11

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEBTOR'S APPLICATION FOR APPOINTING RESPONSIBLE INDIVIDUAL**

(No Hearing Date Set)

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S COUNSEL AND ALL INTERESTED PARTIES:**

Burlingame Capital Partners II, L.P. (Burlingame) hereby submits the following Request for Judicial Notice in support of its Opposition to Debtor's Application for Appointing Responsible Individual.

This Court may take judicial notice of facts "not subject to reasonable dispute" as permitted under *Federal Rules of Evidence* 201. (FRE 201(b); *In re Indian Palms Assocs.,* (3d Cir. 1995) 61 F. 3d 197, 205.) Accordingly, Burlingame hereby requests that this Court take judicial notice under FRE 201 of the following Court documents:

1. Declaration of Linda Koelling In Opposition to Motion for Civil Contempt filed on November 11, 2009 (Docket #393) in the instant case, U.S. Bankruptcy Court, Northern District, Case No. 08-30026 DM 11. A true and correct copy of this Document is attached hereto as **Exhibit A.**

2. Defendant's Motion to Strike… filed on October 30, 2009 (Docket #64) in U.S. Bankruptcy Court, Northern District, (Oakland), *Burlingame v. Koelling*, Adversary Proceeding Case No. 08-04204. A true and correct copy of this Document is attached hereto as **Exhibit B.**

Dated: November 16, 2009         JW HOWARD/ATTORNEYS, LTD.

By:/s/ John W. Howard
   John W. Howard
   Attorney for Burlingame Capital Partners II, L.P.

# EXHIBIT "A"

GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation
DENNIS D. DAVIS, ESQ. CA Bar #070591
44 Montgomery Street, Suite 2900
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Linda Koelling, Creditor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>KIDS CONNECTION, INC.,<br><br>　　　　　　　Debtor. | Case No. 08-30026 DM<br><br>Chapter 7<br><br>Hearing Date: November 24, 2009<br>Time: 9:30 a.m.<br>Place: 235 Pine St.<br>　　　　Courtroom 22<br>　　　　San Francisco, CA |

**DECLARATION OF LINDA KOELLING
IN OPPOSITION TO MOTION FOR CIVIL CONTEMPT**

I, Linda Koelling, declare:

1. On August 27, 2009, this Court signed and filed its Order Granting In Part and Denying In Part: Burlingame Capital Partners II, LLP's Motion for Order Enforcing Asset Purchase Agreement and Court Orders. As set forth in that order, the Court ordered that "counsel for the debtor is authorized to make payment from funds held in his trust account . . ." The funds which are the subject of this motion were at all times in Mr. Goodsell's trust account. As a practical matter, I had no control over those funds. Indeed, it was my understanding that the Court intended to place those funds out of my control by putting them under the control of Mr. Goodsell.

2. While Kids Connection is technically still in chapter 11, it has no assets and is administratively insolvent. The purchase price paid by Burlingame is less than the amount necessary

1

to pay chapter 11 administrative expenses, notwithstanding the prior representations by Burlingame that the sale would generate funds to pay general unsecured creditors.

3. The Motion for Civil Contempt recites a series of activities concerning Mr. Goodsell's efforts to obtain a stay pending appeal. Mr. Goodsell did not consult me in making the decisions relating to this series of events, and I was unaware of the status of his efforts to obtain and keep in place a stay pending appeal. I was not aware of when the funds were due to be paid to Burlingame, nor was I aware that (a) Mr. Goodsell's time to pay the funds had expired; or (b) whether Mr. Goodsell had paid funds to Burlingame until served with this motion.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on November 10, 2009 at San Francisco, California.

/s/ Linda Koelling
LINDA KOELLING

# EXHIBIT "B"

GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation
DENNIS D. DAVIS, ESQ. CA Bar #070591
KATHERINE D. RAY, ESQ. CA Bar #121002
44 Montgomery Street, Suite 2900
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Defendants, Harry Fred Koelling and Linda Ann Koelling

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re:

HARRY FRED KOELLING and LINDA ANN KOELLING,

Debtors.

---

BURLINGAME CAPITAL PARTNERS II, L.P.,

Plaintiff,

vs.

HARRY FRED KOELLING and LINDA ANN KOELLING,

Defendants.

Case No. 04-46443-LT

Chapter 7

A.P. No. 08-04204

Date: November 5, 2009
Time: 2:00 p.m.
Place: Courtroom 201
1300 Clay Street, 2nd Floor
Oakland, CA
Judge: Hon. Leslie Tchaikovsky

## DEFENDANTS' MOTION TO STRIKE (A) PLAINTIFF'S MOTION TO DISMISS ADVERSARY PROCEEDING AND (B) PORTIONS OF PLAINTIFF'S AMENDED MOTION TO DISMISS ADVERSARY PROCEEDING

Defendants Harry Fred Koelling and Linda Ann Koelling, the debtors herein (the "Koellings") hereby move to strike (a) Plaintiff's Motion to Dismiss Adversary Proceeding, docket entry no. 56, ("Original Motion") and (b) portions of Plaintiff's Amended Motion to Dismiss Adversary

-1-
DEFENDANTS' MOTION TO STRIKE (A) PLAINTIFF'S MOTION TO DISMISS ADVERSARY PROCEEDING

Proceeding, docket entry no. 59, (the "Amended Motion"), filed by plaintiff Burlingame Capital Partners II, L.P ("Burlingame"). The Koellings obviously support dismissal of this adversary proceeding. This motion is made pursuant to Fed. R. Civ. Proc. 12(f), made applicable herein under Fed. R. Bank. Proc. 7012(b), on the grounds that statements contained in the Original Motion and Amended Motion are scandalous, inflammatory, redundant and unsubstantiated, and should be stricken from the record.

## RELEVANT FACTS

Burlingame seeks dismissal of this action in order to avoid having to produce financial records. See, supporting declaration of Katherine D. Ray. Burlingame conducted no discovery in the case. The Koellings are the only parties to conduct discovery in this action. The Koellings served document requests on Burlingame and subpoenas on third party witnesses, including entities owned by Robert and Janice Judson, Burlingame's principals (Electrochem Solutions, Inc., Electrochem Solutions, LLC and KC Funding, LLC – the "Judson Entities"). The discovery requests sought financial records which would have revealed the results of Burlingame's foreclosure and collection activities. In particular, the requested documents were sought to determine whether any amounts were still owing on Burlingame's judgment against the Koellings and thus whether Burlingame has standing to pursue a discharge action against the Koellings.

Burlingame and/or its counsel obstructed the Koellings' discovery efforts at every turn, including instructing two third party witnesses (D.R. Stephens & Co. and Moss Adams LLP) not to comply with the Koellings' subpoenas. Ray Declaration. The Koellings filed two motions to compel, one against Burlingame and one against third party witnesses, including the Judson Entities, one or more of which took title to certain assets foreclosed upon or acquired by Burlingame in enforcement of its judgment against the Koellings. The Koellings' discovery motions were scheduled for hearing on November 5. Burlingame and the Judson Entities were required to respond to the discovery motions by October 22, 2009.

On October 22, Burlingame moved for dismissal of the action in order to "mak[e] the production of documents unnecessary." Ray Declaration, Exhibit "A" (email from Burlingame's counsel dated October 19, 2009).

## DISCUSSION

Federal R. Civ. Proc. 12(f) provides that a court "may order stricken from any pleading … any redundant, immaterial, impertinent, or scandalous matter."

In the Original Motion, Burlingame states that dismissal is sought because:

> there is limited reasonable likelihood of recovering compensation from the Debtors greater than the expense of proceeding with this case *since Debtors say they have few assets and what assets they have have been successful secreted*, and also because the time and expense of continuing the litigation represents a waste of money with limited prospects of a return.

The Debtors never made any such statements nor did they secrete assets. Nor would the Koellings have made any such statements, had the opportunity ever arisen to discuss such issues, which it never did. Burlingame conducted no discovery in this case. Burlingame never deposed either of the Koellings nor propounded any written discovery in this case. The alleged admissions by the Koellings are wholly fabricated by Burlingame. Notably, Burlingame's counsel, John Howard, has already been admonished by Judge Montali in the Kids Connection case for pointed comments made by Mr. Howard in pleadings he filed in that case.

In its Amended Motion, Burlingame deleted the false statement that the Debtors successfully secreted assets. The Original Motion should be stricken from the record in its entirety. As the Original Motion was superseded by the Amended Motion, there is no reason for the Original Motion – with its false and inflammatory statements – to remain of record.

In the Amended Motion, Burlingame repeats its contention that "the Debtors say they have few assets." Amended Motion, 2:15. Again, there is no basis for that statement, as the Debtors have never made such a statement. That language in the Amended Motion should be stricken as scandalous and unsubstantiated.

In its Amended Motion, Burlingame continues to mislead the Court regarding the real reason for Burlingame's dismissal motion: to avoid disclosure of financial records which are believed to show not only that the Burlingame has been paid in full and thus lacks standing, but that may show that Burlingame collected far more than it was owed. As set forth in the Koellings' discovery motions, Robert Judson has stated that Burlingame was owed between zero and $3 million from the

-3-
DEFENDANTS' MOTION TO STRIKE (A) PLAINTIFF'S MOTION TO DISMISS ADVERSARY PROCEEDING

Koellings. In its Amended Motion, Burlingame now claims it is owed between $3 million and $5 million. Burlingame would rather dismiss the action which it claims is meritorious than have to disclose the financial records regarding the results of Burlingame's collection activity.

Apparently using the tactic that a good defense is a good offense, Burlingame seeks dismissal of this action but maligns the Koellings in the process. In order to bolster the appearance that it acted properly in bringing and maintaining this action, Burlingame repeats the same allegations in the Complaint as if they have already been proven and requests that the Koellings be referred to the United States Attorney for bankruptcy fraud. Repeating the allegations in the complaint serves no purpose other than to malign the Koellings' character. Those portions of the Amended Motion are redundant, inflammatory and unproven and should be stricken.

Burlingame also accuses Linda Koelling of failing to comply with an order in the Kids Connection case. The order is the subject of a pending appeal filed by counsel for Kids Connection. Linda Koelling did not file the appeal and has no stake in the subject matter of that appeal, which involves who pays pre-sale obligations (teacher salaries) given that all cash in the Kids Connection estate was tendered to Burlingame, rendering the estate administratively insolvent, before the true extent of the pre-sale obligations was known.

In its dismissal motion, Burlingame states that it "is no longer prepared to financially support the action *through which the evidence of same [alleged bankruptcy fraud] would be submitted to this Court*." Amended Motion, 5:3-5. What is good for the goose is good for the gander. Since dismissal of this action is agreed to by all parties and thus the Koellings will not have the opportunity to present their evidence at trial to refute the serious allegations raised in the Complaint, the Koellings respectfully request that the Court strike those portions of the Amended Motion repeating the allegations in the Complaint and requesting a referral to the United States Attorney, beginning at page 2, line 21 through page 5, line 5.

## CONCLUSION

The Koellings support dismissal of this adversary proceeding, however, Burlingame should not be permitted to place on the public record inflammatory, scurrilous statements regarding the Koellings' character which will remain unproven upon dismissal of this action. Consequently, the

-4-
DEFENDANTS' MOTION TO STRIKE (A) PLAINTIFF'S MOTION TO DISMISS ADVERSARY PROCEEDING
123208.DOC

Koellings respectfully request that the following be stricken from the record: (a) the Original Motion, (b) the statement in the Amended Motion at page 2, line 15 that the "Debtors say they have few assets", and (c) the portion of the Amended Motion repeating the allegations in the Complaint and requesting referral of the Koellings to the United States attorney for bankruptcy fraud, beginning at page 2, line 21 and ending at page 5, line 5, and for such other and further relief as the Court deems proper.

Dated: October 30, 2009

                              GOLDBERG, STINNETT, DAVIS & LINCHEY
                              A Professional Corporation

                By:    /s/ Katherine D. Ray
                           Attorneys for Defendants, Harry Fred Koelling
                           and Linda Ann Koelling