Entered on Docket
December 09, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: December 08, 2009**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>KIDS CONNECTION, INC.<br><br>Debtor.<br>_____ | ) Bankruptcy Case<br>) No. 08-30026DM<br>)<br>)<br>) Chapter 11<br>) |

ORDER GRANTING MOTION FOR CIVIL CONTEMPT

I. INTRODUCTION.

Burlingame Capital Partners II, L.P. ("Burlingame") filed a motion for civil contempt ("Motion") against Linda Koelling and Scott Goodsell ("Goodsell") for their failure to comply with this court's Order Granting In Part And Denying In Part: Burlingame Capital Partners II, L.P.'s Motion For Order Enforcing Asset Purchase Agreement And Court Orders ("Order") signed and filed on August 27, and entered on August 28, 2009.  For the reasons explained below, the court finds Goodsell in contempt and sanctions him in the sum of $2,800, to be paid to Burlingame within fourteen days of the date of entry of this order.[1]

II. DISCUSSION.[2]

---

[1] By separate order the court has denied the Motion as to Ms. Koelling.

[2] The following discussion constitutes the court's findings of fact and conclusions of law.  Fed. R. Bankr. P. 7052(a).

-1-

The portion of the Order relevant to the Motion directed Goodsell to pay from his trust account up to $203,310.66 either to certain of debtor's employees or to debtor's payroll servicer by September 1. That date was later extended to September 8 and by agreement of the parties, payment could be made directly to Burlingame.

Stays of the Order were subsequently issued by this court, then by Bankruptcy Judge Carlson, then by District Judge Chesney. Debtor's attempt to obtain a further stay pending appeal of the Order was denied by Judge Chesney on October 9. From this court's review of the District Court electronic docket, the order was docketed at 3:16 p.m. on October 9, a Friday. Notice was served electronically on Goodsell and on his law firm colleague, William J. Healy ("Healy"), sometime that same date.

The following Monday, October 12, 2009, was a federal holiday; Goodsell was away from his office until October 15 but he does not deny knowing that Healy had notice of Judge Chesney's order by October 13 and that same day prepared and delivered to the Ninth Circuit Court of Appeals an emergency application for a writ of mandate. That application was denied by the Ninth Circuit on October 23, 2009.

On October 26, Goodsell attempted to wire transfer the funds to Burlingame but arrived at the bank too late; he tried again the next day but Burlingame's wire instructions were incorrect. On October 28, after Burlingame had provided the correct wire transfer information, Goodsell transferred $134,032.47.

The court agrees with Debtor and Goodsell that the $203,310.66 amount in the Order may be properly reduced to

$195,828.23, as indicated in paragraphs 2 and 3 of the declaration of Mary Lynn Kasselbaum filed by Mr. Howard on August 31, 2009. Burlingame believes that sum, rather than $134,032.47, should have been transferred because Goodsell failed to take steps to establish his "good faith belief that any amounts claimed under the [motion that led to the Order] are not proper." Order, 2:19-20. The court rejects Burlingame's contentions in this regard, and agrees with Goodsell that he was justified in withholding amounts in excess of $134,032.47. There are numerous unusual circumstances that support Goodsell's position. First, Burlingame (and not the former employees themselves) sought turnover of amounts purportedly owed to former employees. Second, not all of the employees with disputed amounts have filed proofs of claim, thus creating confusion about the appropriate procedure (objection to claim, adversary proceeding, etc.) to follow as to each former employee with whom there is a dispute. Finally, as early as late August the names of disputed amounts attributable to specific employees were known to debtor, Goodsell, Burlingame and the court. See Transcript of Hearing on September 1, 2009, pages 6 (line 24)-7 (line 6), 9 (line 22)-10 (line 3), 11 (lines 20-25), 14 (lines 21-25), 16 (lines 10-14).

In light of the foregoing, the court must decide whether to hold Goodsell in contempt and if so, what is the appropriate sanction.[3]

The best argument Goodsell has for not turning over the

---

[3] Burlingame has briefed, and Goodsell has not seriously contested, the court's power and authority to grant this motion on a proper showing, so the court will not repeat the well-settled authority to do so.

-3-

undisputed funds before October 28 is that from October 13 to October 23, the Order "...was subject to an active pending judicial review..." Goodsell Opposition, 5:22. That is insufficient. The Order was operative once entered, except for the time it was stayed. The court will give Goodsell the time between October 9 and October 13 as a legitimate delay, principally because of the lateness in the day of Judge Chesney's order, followed by the weekend and the holiday. But there is no adequate excuse for not paying the funds by October 14, when Burlingame was prepared to pick up a check at Goodsell's offices. Goodsell has presented no authority that the pendency of a petition for a writ of mandate stays an otherwise operative order, and the court is not aware of any. The failure of an officer of the court - and an experienced bankruptcy practitioner at that - is inexcusable and not in good faith.

Not having turned over the funds by October 14, Goodsell chose at his own risk to await the Ninth Circuit's decision. When it came on October 23 (another Friday) he chose to wait too long in the day to attempt to make the transfer on October 26; it was only on October 27 when the remaining one-day delay occurred because of Burlingame's error regarding wire transfer instructions.

In summary, Goodsell was in contempt of the Order for a period of fourteen days, October 14 to October 27.

Burlingame seeks in excess of $13,000 in attorneys fees and asks that Goodsell pay that amount plus an additional $30,000 to the court to deter future violations of court orders and to ensure compliance with the Order.

-4-

To the extent the Motion was directed at Ms. Koelling, Goodsell should not have to pay attorneys fees for that unsuccessful effort. Insofar as the Motion is directed at his conduct in delaying to payment of $134,032.47, Burlingame is entitled to some recovery, but not as to the aspect of the Motion that challenged Goodsell's withholding a portion, for which the court has declined to fault him.

As to the $30,000 requested to ensure compliance, the court notes first that Goodsell has now complied with the Order so there is nothing to compel. As to the deterrent effect of a contempt sanction, the court believes the very fact of a contempt finding directed at an experienced attorney whose conduct in this case has otherwise been exemplary is quite significant. Therefore, the court will use its discretion and order a contempt sanction of $200 per day for each of the fourteen days Goodsell knowingly and intentionally failed to comply with the Order. Accordingly,

IT IS HEREBY ORDERED that Scott L. Goodsell, Esq. is found in contempt of this court's August 27, 2009, Order Granting In Part And Denying In Part: Burlingame Capital Partners II, L.P.'s Motion For Order Enforcing Asset Purchase Agreement And Court Orders; and

IT IS FURTHER ORDERED that Mr. Goodsell pay the sum of $2,800 to Burlingame Capital Partners II, L.P., through its counsel John W. Howard, Esq., no later than fourteen days of entry of this order.

***END OF ORDER***